# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK GAONA, | 1:10-cv-01879 GSA PC |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED |
| v. | |
| DR. YOUSEFF, et al., | |
| Defendants. | |

**I.   Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
3  506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and
4  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
5  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
6  grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading
7  standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330
8  n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements
9  of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257
10 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.  Plaintiff's Claims

### A.  Summary of Complaint

Plaintiff is currently housed at the California Correctional Institution Tehachapi. Plaintiff names as defendants correctional officials employed by the California Department of Corrections and Rehabilitation at North Kern State Prison. The events that give rise to this lawsuit occurred while Plaintiff was housed at North Kern. Plaintiff names the following individual defendants: Chief Medical Officer Youssef; Dr. Austria; M. Paez, RN; Correctional Officer Ledesma. Plaintiff's allegations stem from a disagreement with the course of Plaintiff's treatment.

On June 6, 2010, Plaintiff was sent to Mercy Hospital in Bakersfield for a "work up for tuberculosis testing." Plaintiff was referred to Mercy Hospital for diagnostic testing regarding his interstitial lung disease. Plaintiff was returned to the prison with the notation that he had no acute cardiopulmonary disease and no evidence of tuberculosis. Nevertheless, Dr. Austria ordered that Plaintiff be quarantined in isolation for two to three weeks, resulting in loss of certain privileges .

Plaintiff alleges that C/O Ledesma subjected him to "mental anguish" by announcing "in a loud voice that the reason no one was going to have any programming was because plaintiff was carrying the tuberculosis virus." Plaintiff alleges that the entire prison was on quarantine lockdown for a week because Defendant Paez "leaked out" Plaintiff's private medical information to C/O Ledesma. Plaintiff alleges that, as a result, he was subjected to life-threatening harm by other

inmates.

### B. Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Here, Plaintiff fails to state a claim for relief. Plaintiff's central medical allegation is that the prison doctor placed him in quarantine, despite the view of a different doctor that he did not have any tuberculosis symptoms. Mere difference of opinion between a prisoner and prison medical staff as to appropriate medical care does not give rise to a section 1983 claim. Hatton v. Arpaio, 217 F.3d 845 (9th Cir. 2000); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Construed liberally and in Plaintiff's favor, the complaint alleges, at most, a disagreement with the course of Plaintiff's treatment. This claim should therefore be dismissed.

### C. Eighth Amendment Claim

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.

Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit, 682 F.2d at 1250 (9th Cir. 1982); Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the inmate must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmates's safety. Farmer, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837.

Where an inmate's claim is based on alleged failure to prevent harm, the inmate may satisfy the "sufficiently serious" requirement by showing the existence of "conditions posing a substantial risk of serious harm" to him. Farmer, 511 U.S. at 834. The Eighth Amendment protects against future harm to inmates because inmates must be furnished with basic human needs, one of which is "reasonable safety." Helling v. McKinney, 509 U.S. 25, 33 (1993). In the case of failing to protect an inmate, a prisoner can show an Eighth Amendment violation by providing evidence that prison officials, with deliberate indifference, exposed him to a serious risk to his safety. Id. at 35.

The Defendants must both be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and they must draw the inference. Farmer, 511 U.S. at 837, Gibson v. County of Washoe, 290 F.3d 1175, 1187-88 (9th Cir. 2002); Jeffers v. Gomez, 267 F.3d 895, 913 (9th Cir. 2001); Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995).

Although Plaintiff has alleged that he was threatened by other inmates, he does not allege any facts indicating that any of the named defendants knew of an objectively serious risk to Plaintiff's safety, and acted with disregard to that risk. The only conduct charged to C/O Ledesma is that he informed other inmates that Plaintiff was on quarantine status, and that was the reason for not programming. That a correctional officer informed other inmates that programming would be temporarily halted due to a possible outbreak of tuberculosis is objectively reasonable. That, in Plaintiff's view, he was not a risk to expose others to tuberculosis, does not subject C/O Ledesma to liability. The facts alleged indicate that a physician directed Plaintiff to be placed in quarantine,

1 and C/O Ledesma informed other inmates of this fact.  Such facts, liberally construed, do not satisfy
2 the standard for an Eighth Amendment violation.   As to Defendant Paez, the only conduct charged
3 is that Paez advised C/O Ledesma that Plaintiff has tuberculosis.  Such conduct did not violate the
4 Eighth Amendment.

### III. Conclusion and Order

Plaintiff's complaint does not state any cognizable claims under section 1983.  Plaintiff's claims arise from a decision to temporarily place him on quarantine and to inform other inmates of this fact. Such conduct does not violate the Eighth Amendment.  Because the Court finds that these deficiencies are not capable of being cured by amendment, this action should be dismissed, with prejudice, for failure to state a claim.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, IT IS HEREBY ORDERED that this action is dismissed, with prejudice, for Plaintiff's failure to state a claim upon which relief should be granted.  The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **March 29, 2012**            /s/ **Gary S. Austin**
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE